

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 6, 1958

Hon. Zollie Steakley
Secretary of State
Austin, Texas

Opinion No. WW-511

Re: Should the Secretary of State
accept and file the pending
application of the Bank of New
York for certificate of authority
to transact business in this
State, and related questions.

Dear Sir:

        We are in receipt of an opinion request from your office
wherein you state that a foreign corporation with "bank" in its name,
organized under the laws of the State of New York, has made application
for the certificate of authority to transact business in Texas by qualify-
ing under Article 1513a. With regard to this application you have made
the following four (4) inquiries.

        "1. Should the Secretary of State accept and
file the pending application of the Bank of New York
for a Certificate of Authority to transact business
in this State for the purpose stated above?

        "2. Should the Secretary of State accept and
file an application for a Certificate of Authority under
the provisions of Article 1513a for a purpose which is
not identical in language and does not include the en-
tire purpose clause authorized by said statute?

        "3. I feel we should re-examine the policy of
the office, above described, hence were the Certifi-
cates of Authority issued by this office under Article
1513a to the above named foreign corporations whose
corporate names included the word 'trust' lawfully
granted in view of the prohibition contained in Article
342-902?

        "4. If question No. 3 is answered in the negative,
what action, if any, should be taken by this office?"

        This opinion deals with questions 1, 3 and 4. Question
2 will be the subject of a subsequent opinion. The first question pre-
sented is whether or not a foreign corporation whose name includes
the word "bank" should be granted a certificate of authority to do a

trust business in this State. Two statutes are drawn into focus by this inquiry. First, Senate Bill No. 165, Acts 55th Leg., R.S. 1957, ch. 388, p. 1162, codified as Article 1513a, V.C.S., authorizing the creation of corporations and the issuance of certificates of authority to foreign corporations to do business in Texas for the following purpose:

"To act as trustee, executor, administrator, or guardian when designated by any person, corporation, or court to do so, and as agent for the performance of any lawful act, including the right to receive deposits made by agencies of the United States of America for the authorized account of any individual; to act as attorney-in-fact for reciprocal or inter-insurance exchange."

The second statute here relevant is Article 342-902 as amended by the 55th Leg. in R.S., 1957. It reads in pertinent parts:

"It shall be unlawful for any person, corporation, firm, partnership, association or common law trust:

"(1) To conduct a banking or trust business or to hold out to the public that it is conducting a banking or trust business; or

"(2) To use in its name, stationery or advertising, the term 'bank', 'bank and trust', 'savings bank', 'certificate of deposit', 'trust' or any other term or word calculated to deceive the public into the belief that such person, corporation, firm, partnership, association, common law trust, or other group of persons engaged in the banking or trust business.

"Provided, however, that this Article shall not apply to (1) national banks; (2) state banks; (3) other corporations heretofore or hereafter organized under the laws of this state or of the United States to the extent that such corporations are authorized under their charter or the laws of this state or of the United States to conduct such business or to use such term; and (4) private banks which were actually and lawfully conducting a banking business on the effective date of this Act so long as the owners of such bank, their successors or assigns, shall continuously conduct a banking business in the city or town where such private bank was domiciled on the effective date of this Act,...."

It is a settled rule of statutory interpretation that statutes which deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are

considered as "in pari materia", although they contain no reference to one another, and although they were passed at different times or at different sessions of the Legislature.

The purpose of the "in pari materia" rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing upon the same subject. It proceeds upon the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. The rule applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. 39 Texas Juris., 253-256, Section 135 (note authorities quoted therein).

The sole question is the effect of Senate Bill 165. Unquestionably, with reference to companies qualifying under S.B. 165, it operates to override or repeal by implication that portion of 342-902 which would prohibit foreign companies from doing a trust business in Texas.

Senate Bill 165 is silent as to whether Section 2 of Article 342-902 prohibiting the use of the name "trust" should be applied to foreign corporations otherwise qualifying under Senate Bill 165; however, we are of the opinion that by implication Senate Bill 165 also repeals that portion of 342-902 which prohibits the use of the name "trust", insofar as such foreign corporations are concerned. We call attention to the language in Section 2 that it is unlawful for any person, etc., "to use in its name...the term...'trust' or any other term or word calculated to deceive the public into the belief that such person (etc.)...is engaged in the...trust business." We further call attention to the language of the emergency clause in Senate Bill 343 of the 1957 Legislature amending 342-902 as follows:

"The fact that under existing law the people of this state are subject to misleading advertising and other deceitful practices calculated to deceive the public into the belief that certain unauthorized persons or groups of persons are under the strict supervision of the State Banking Department, when in fact the protection afforded by strict supervision does not exist, creates an emergency..."

It is apparent that the prohibition against using the name "trust" is directly tied in with and a part of the prohibition against "conducting" or to "hold out...that it is conducting" a trust business. The evil legislated against in Section 2 of Article 342-902 was the deception to the public which occurred when a company used the name "trust" in its title when in fact it was not entitled to engage in the trust business. That evil will not occur in the case of a foreign corporation obtaining a permit under the terms of Senate Bill 165 as such a corporation would be authorized to engage in the

trust business and would not be deceiving the public by using the name "trust" in its title.

Senate Bill 165 should be limited in its overriding effect to the subject matter above, there being no provision in Senate Bill 165 which would allow a foreign corporation to come into the State and do a banking business. The use of the term "bank" in the title of such a corporation would be deceptive and would violate Article 342-902.

In answer to your first question we hold that a foreign corporation with the name "Bank" in its title may not obtain a permit to transact business in this State.

The third question presented for consideration in this opinion is as follows:

"I feel we should re-examine the policy of the office, above described, hence were the certificates of authority issued by this office under Article 1513a to the above named foreign corporations whose corporate names include the word trust, lawfully granted in view of the prohibition contained in Article 342-902?"

If foreign corporations referred to above have been granted a certificate of authority under the provisions of 1513a and thereby complied with the purposes as therein required, then little reason appears for the cancellation of their certificates of authority. Thus, the discussion under question No. 1 of this opinion is applicable thereto. If they have not chosen to utilize 1513a, then the reason for "in pari materia" construction does not exist and 342-902 taken by itself would authorize revocation.

In view of the answer to No. 3, the question raised as No. 4 in your letter becomes moot.

## SUMMARY

The effect of Senate Bill 165 is to repeal by implication that portion of 342-902 which prohibits foreign corporations from doing a trust business. Likewise by implication it repeals that portion of 342-902 which prohibits

the use of the name "trust". The prohibition against the use of the word "bank" is not thereby overriden.

Very truly yours,

WILL WILSON
Attorney General of Texas

By:

C. Dean Davis
Assistant

CDD:ph

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

John Reeves
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert